IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 15-23230-CMB |
| SANDRA L. McATEER, | Chapter 13 |
| Debtor. | |
| SANDRA L. McATEER, | |
| Movant, | Related to Doc. No. 85 |
| v. | Hearing Date & Time:<br>September 19, 2018, at 10:00 am |
| US BANK TRUST NATIONAL ASSOCIATION and RONDA J. WINNECOUR, Chapter 13 Trustee, | |
| Respondents. | |

### US BANK TRUST NATIONAL ASSOCIATION'S RESPONSE TO THE DEBTOR'S OBJECTION TO PROOF OF CLAIM 10-1

U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust (the "Claimant"), by and through its undersigned attorneys, Tucker Arensberg, P.C., files this Response (the "Response") to the Objection to Proof of Claim 10-1 (the "Objection") filed by Sandra L. McAteer (the "Debtor"), and in support hereof states as follows:

1. On September 4, 2015 (the "Petition Date"), the Debtor filed her voluntary petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") at case number 15-23230-CMB (the "Bankruptcy Case").

2. On June 15, 2018, the Claimant, by and through its servicing agent, BSI Financial Services ("BSI"), filed its proof of claim at Claim 10-1 on this Case's Claims Register as a secured claim in the amount of $89,697.61 (the "Claim").

3. On July 23, 2018, the Debtor filed her Objection to the Claim as a late filed proof of claim.

4. In her Objection, the Debtor alleges that the Claimant was properly listed as a creditor on the Debtor's bankruptcy petition.

5. Upon review of the Debtor's Schedules and Statement of Financial Affairs [Doc 13], neither the Claimant nor BSI are listed.

6. In Schedule D, the Debtor includes a secured claim for Ocwen Loan Servicing in the amount of $100,528.00, which she states was incurred in 2005 and secured by a mortgage on the Debtor's residence located at 781 Illini Drive, Monroeville, Pennsylvania 15146 (the "Ocwen Claim").

7. As evidenced by the supporting documentation attached to the Claim, the Claim is based on a Mortgage (the "Mortgage") dated September 28, 2010, in the original loan amount of $108,333.00 owed to the original lender, Mortgage Electronic Registration Systems, Inc., as Nominee for Residential Finance Corporation, its Successors and Assigns. Through a series of assignments, the Mortgage was assigned to the Claimant.

8. On November 16, 2017, the Debtor filed her Amended Chapter 13 Plan which includes the Ocwen Claim.

9. The Claimant cannot determine at this time if the Ocwen Claim is the same obligation as the Claim assigned to the Claimant based on the difference of dates that the obligations were incurred.

10. The Claimant, therefore, respectfully reserves the right to amend or withdraw the Claim, or file a Notice of Transfer of Claim, after further investigation.

WHEREFORE, U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust, respectfully requests that this Honorable Court (i) deny the Debtor's Objection to Proof of Claim 10-1, (ii) allow the Claimant's Claim at Claim 10-1, and (iii) grant such other relief as it deems just and proper.

Dated:  August 23, 2018                          TUCKER ARENSBERG, P.C.

                                                        By: */s/ Allison L. Carr*
                                                        Allison L. Carr, Esq.
                                                        PA ID No. 203815
                                                        acarr@tuckerlaw.com
                                                        1500 One PPG Place
                                                        Pittsburgh, PA 15222
                                                        (412) 566-1212

*Attorney for U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust*